# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| **RORY LAMONT GILMER, II,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | NO. 3:16-cv-01563 |
| ) | CHIEF JUDGE CRENSHAW |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION

Before the Court is Rory Gilmer's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 ("the Petition"). (Doc. No. 1.) Gilmer seeks to vacate his sentence in case number 3:10-cr-141, in which he received a 144 month sentence. (Case No. 3:10-cr-141, Doc. No. 139.) For the following reasons, the Petition is denied.

I. Background

On August 20, 2012, Gilmer pleaded guilty to (1) assaulting a federal officer with a deadly weapon, in violation of 18 U.S.C. §§ 111(a) and (b), (2) attempted robbery, in violation of 18 U.S.C. § 1951; and (3) use and carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A). (Case No. 3:10-cr-141, Doc. No. 102.) For the § 924(c) conviction, a "crime of violence" is defined in § 924(c)(3), which has two clauses: the "use of force" clause and the "residual" clause. Gilmer argues that his attempted robbery was a crime of violence under the "residual" clause. (Doc. No. 1 at 4; Doc. No. 15 at 4.)

At the change of plea hearing, the Honorable Todd Campbell accepted Gilmer's guilty plea. (Case No. 3:10-cr-141, Doc. No. 102.) The parties also entered into a plea agreement, governed by Federal Rule of Criminal Procedure 11(c)(1)(B). (Id. at 5.) The Plea Agreement

contained a detailed waiver of appellate and post-conviction rights. (Id. at 17-18.) Importantly, Gilmer waived "the right to challenge the sentence imposed in any collateral attack, including, but not limited to, a motion brought pursuant to 28 U.S.C. § 2255" except in certain situations not relevant here. (Id.) Gilmer certified that he had read the Plea Agreement, carefully reviewed every part of it with his attorney, understood it, and voluntarily agreed to it. (Id. at 19.) Furthermore, Gilmer's counsel certified that he had discussed the Plea Agreement with Gilmer and that he believed Gilmer's decision to sign the Plea Agreement was informed and voluntary. (Id. at 20.)

Gilmer filed the pro se Petition on June 27, 2016. (Doc. No. 1.) Judge Campbell appointed counsel and ordered briefing. (Doc. No. 2.) Upon Judge Campbell's retirement, this matter was transferred to the undersigned.

II. Analysis

The Petition seeks to vacate Gilmer's § 924(c) sentence. (Doc. No. 1 at 4.) Gilmer argues that the sentence was based on the residual clause of § 924(c)(3), which defines a "crime of violence" as one "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." (Id.); 18 U.S.C. § 924(c)(3)(B). Gilmer argues that the residual clause should be held unconstitutional in the wake of Johnson v. United States, 135 S. Ct. 2551 (2015), and its progeny. (Id. at 13.)

A. Waiver

It is well-settled that a knowing and voluntary waiver of a collateral attack is enforceable. Watson v. United States, 165 F.3d 486, 489 (6th Cir. 1999). Furthermore, the Court of Appeals for the Sixth Circuit has consistently held that plea agreement waivers of § 2255 rights are enforceable. Davila v. United States, 258 F.3d 448, 450 (6th Cir. 2001); Cox v. United States, 695 F. App'x 851, 853 (6th Cir. 2017). The court recently reiterated its "previous holdings that a Johnson-based

collateral attack on an illegal sentence does not undermine the knowing and voluntary waiver of 'any right, even a constitutional right, by means of a plea agreement.'" Slusser v. United States, --- F.3d ---, 2018 WL 3359112, at *2 (6th Cir. July 10, 2018) (quoting Cox, 695 F. App'x at 853); see also United States v. Morrison, 852 F.3d 488, 490-91 (6th Cir. 2017) ("[A]fter the Supreme Court voided for vagueness the 'residual clause' in the ACCA's definition of 'violent felony,' courts routinely enforced the appeal waivers of prisoners who stood to benefit." (internal citation omitted)); Cox, 695 F. App'x at 853 (enforcing waiver even though "Cox may not have known at the time of his plea that the Supreme Court would change the law in the way it did in Johnson"); In re Garner, 664 F. App'x 441, 443-44 (6th Cir. 2016) (denying petitioner authorization to file a successive § 2255 petition raising a Johnson-based challenge to the analogous provision in the U.S.S.G. because petitioner had waived his right to pursue such a § 2255 claim in his plea agreement). As the court explained, "[a] voluntary plea agreement 'allocates risk,' and '[t]he possibility of a favorable change in the law after a plea is simply one of the risks that accompanies pleas and plea agreements.'" Slusser, 2018 WL 3359112, at *2 (quoting Morrison, 852 F.3d at 490). "By waiving the right to appeal, a defendant assumes the risk that a shift in the legal landscape may engender buyer's remorse." Morrison, 852 F.3d at 490 (citing Bradley, 400 F.3d at 464). "The subsequent developments in this area of the law 'do[ ] not suddenly make [his] plea involuntary or unknowing or otherwise undo its binding nature.'" Slusser, 2018 WL 3359112, at *2 (quoting Bradley, 400 F.3d at 463).

Gilmer argues that his waiver of his right to collaterally attack his conviction under § 2255 was not entered into knowingly and voluntarily because he did not know that Johnson would change the law in his favor. (Doc. No. 15 at 2.) Gilmer also argues that enforcing the waiver would result in a miscarriage of justice because the sentence he is currently serving is unconstitutional.

(Doc. No. 15 at 2.) Slusser addressed and rejected both of those arguments. 2018 WL 3359112. On whether the waiver is knowing, it held that a § 2255 waiver is not unknowing solely because there is a subsequent change of law. Id. at *2. Although Gilmer may not have known of the future Johnson jurisprudence at the time of his plea, he knew that § 2255 afforded him an avenue to subsequently challenge his sentence as unlawful and he knowingly chose to waive his right to seek § 2255 relief except on very limited bases not at issue here. Further, Slusser explicitly held that the Court must enforce waivers even if it results in a petitioner serving longer than the statutory maximum sentence because of a change in the law. Id. at *2. The Court, therefore, enforces Gilmer's waiver and does not reach the merits of the Petition.

    B. Certificate of Appealability

The Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11 of the Rules Governing Section 2255 Cases in the United States District Courts. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003) (citing Slack v. McDaniel, 529 U.S. 473, 484 (2000)). Gilmer has not satisfied this standard and thus a certificate of appealability is denied.

An appropriate order will enter.

                                                                   _____
                                                                   WAVERLY D. CRENSHAW, JR.
                                                                   CHIEF UNITED STATES DISTRICT JUDGE